UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KENDRA LACY**
　　　　　　　　　　　　　　　　　　　　　　**Case No.** 6:15-CV-1229-ORL-37-GJK

　　　　　　**Plaintiff,**

**v.**

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

**A Foreign Corporation,**

　　　　　　**Defendant.**

## COMPLAINT

　　　The Plaintiff, KENDRA LACY, by and through undersigned counsel, hereby sues

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") and

alleges:

### GENERAL ALLEGATIONS

　　　1.　　This is an action for breach of a contract of disability insurance.

　　　2.　　Jurisdiction is claimed pursuant to 29 U.S.C. §1332 et seq. on the basis of

diversity of citizenship.

　　　3.　　The Plaintiff, Kendra Lacy, resides in Brevard County, Florida and is a

citizen of the State of Florida.

4.      Defendant HARTFORD is a Connecticut Corporation with its principal place of business in Hartford, Connecticut, authorized in the insurance business in the State of Florida.

5.      The contracts at issue are a long-term disability insurance policy delivered in the State of Florida as part of an employee benefit plan created by Brevard County Board of County Commissioners. A copy of the insurance policy is attached hereto as Exhibit A.

6.      The insurance policy at issue herein is subject to the government employer exemption to the Employee Retirement Income Security Act of 1974 ("ERISA").   The amount at issue satisfies the requirements of diversity jurisdiction, inclusive of reasonable attorneys' fees.

7.      Plaintiff is "Disabled" as that term is defined in the in the policy at issue.

8.      Plaintiff has fully exhausted her appeals with Defendant, and all conditions precedent to the award of benefits have been fully satisfied or any requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary by the actions of Defendant HARTFORD.

9.      Defendant has interpreted the policies in its favor and against the insured in violation of the doctrine of contra proferentem.

10.     Defendant has disregarded favorable evidence submitted by the insured.

11.     Defendant has disregarded favorable evidence submitted by its own medical experts.

## COUNT ONE
## BREACH OF CONTRACT FOR
## LONG-TERM DISABILITY BENEFITS

12.     Plaintiff reincorporates and reavers paragraphs 1-11 by reference as if fully set forth herein.

13.     Defendant has denied long-term disability benefits to the Plaintiff which are now due and owing as a result of Defendant's denial of same.

14.     Plaintiff is "disabled" as defined by the disability insurance policy provided to her through her employer and has otherwise satisfied all conditions precedent to receipt of benefits pursuant to the contract at issue.

15.     Because of the Defendant's refusal to pay the benefits due Plaintiff under the policy, the Plaintiff has been forced to retain undersigned counsel to prosecute this action and has become obligated to pay a reasonable attorneys' fee, and has incurred necessary costs of prosecuting this action.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for the following:

A.     Damages for past, present, and ongoing disability benefits;

B.     Interest on the claim as allowed by law;

C.     Attorney's fees pursuant to Fl. Stat. Sect. 627.428.

D.      Court costs;

E.      All ancillary benefits to which she is entitled upon reinstatement of disability

benefits, and

F.      Such other and further relief as this Honorable Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ISSUES TRIABLE AS OF**

**RIGHT BY A JURY.**

Respectfully submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff

4